UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD JAMES HILLS, | CASE NO. 2:24-cv-2141-JNW |
| Plaintiff, | ORDER |
| v. | |
| THOMAS L. DICKSON and DICKSON LAW GROUP PS, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Edward James Hills's response to the Court's order to show cause and motion for recusal. Dkt. No. 11. Hills includes his response and his motion in the same document, but the Court addresses each issue in turn.

**1.1     Hills fails to establish subject matter jurisdiction.**

Hills, proceeding pro se, sues Defendants Thomas Dickson and Dickson Law Group, PS, alleging breach of contract and embezzlement of $29,646.56 in trust funds. Dkt. No. 6 at 1. After reviewing the complaint, the Court found that Hills failed to establish subject matter jurisdiction under either 28 U.S.C. § 1331 or

ORDER - 1

28 U.S.C. § 1332 and directed Hills to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 9 at 2.

In response, Hills argues he is a citizen of Louisiana, and his case satisfies the requirements for diversity jurisdiction given that Dickson and Dickson Law Group, PS are citizens of Washington state. Dkt. No. 11 at 7. Hills claims that he is "a man from the State of Louisiana," as verified by his birth certificate. *Id.*

Federal district courts have diversity jurisdiction in civil actions between "citizens of different States[,]" "where the matter in controversy exceeds . . . $75,000[.]" 28 U.S.C. § 1332. Under the diversity jurisdiction statute, a person's "state citizenship is . . . determined by [their] state of domicile," which is defined as their "permanent home, where [they] resid[e] with the intention to remain[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Apart from being born there, Hills does not show that he is domiciled in Louisiana. Instead, the record shows that Hills resides in Washington. Under the local civil rules, an unrepresented party must keep the Court apprised of their current address. LCR 10(f). When he filed his proposed complaint and motion to proceed in forma pauperis, Hills listed his residence in Kent, Washington. Hills also listed his last employment as being in Seattle and submitted a letter from the Department of Social and Health Services listing his residence as an address in Federal Way, Washington. Dkt. Nos. 1 at 1, 3, 5; 1-3 at 1. Recently, Hills filed a change of address notice in which he listed a Kent, Washington address. Dkt. No. 10 at 1. Hills filed a second notice of change of address, listing a residence in Burien, Washington. Dkt. No. 12 at 1. Thus, the record clearly establishes that Hills is

ORDER - 2

domiciled in Washington. His response does not contradict this finding, as his Louisiana birthplace is irrelevant to determining his state citizenship for diversity jurisdiction purposes.

Because Hills fails to establish subject matter jurisdiction, his case cannot proceed. The Court DISMISSES Hills's case without prejudice.

**1.2    The Court denies Hills's motion to recuse because its impartiality cannot be reasonably questioned.**

If a party moves to recuse under 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). A federal judge must disqualify themselves from any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is also required when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted).

"[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). "If the challenged judge decides not to

voluntarily recuse, [they] will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

Hills moves for the undersign's recusal arguing that the Court has "exhibited deliberate bias and prejudice" against him. Although confusingly written, Hills appears to make three arguments. First, Hills argues that by calling him a citizen of Washington the Court displayed bias as "trying to prevent the Defendant from answering . . . [and] trying to assist the Defendant attempting to cover up a crime of embezzlement he committed! This court [is] trying to help save the Defendant's bar licenses." Dkt. No. 11 at 5. This argument clearly fails, as the Court did not demonstrate bias when it carried out its obligation to ensure subject matter jurisdiction.

Second, Hills argues that the Court demonstrated impartiality by "deliberately and intentionally altering Plaintiff's U.S. Agency's name caption[.]" Dkt. No. 11 at 4. Hills proposed case captions are non-sensible and inconsistent. He appears to want the Court to refer to him as "Edward James Hills 'DBA' Edward J. Hills U.S. Agency." *Id.* at 1. The Court's refusal to follow this caption does not demonstrate bias. And if Hills truly intends to name an entity as the plaintiff here, he has only succeeded in creating another barrier to the courthouse.

Under well-settled state and federal law, an artificial entity cannot represent itself in court pro se. An artificial entity, like a corporation, an LLC, or a trust, may appear in federal court only through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993); *see also* 28 U.S.C. § 1654; LCR 83.2(b)(4). An artificial entity's interests in a court proceeding necessarily must be represented by a person

ORDER - 4

acting on its behalf. Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. It follows that a pro se individual cannot represent an entity. Therefore, Hills is either representing himself, proceeding pro se, or improperly filing documents on behalf of an artificial entity. Either way, the Court shows no bias or prejudice against Hills by pointing this out and construing Hills as representing himself pro se.

Finally, Hills accuses the Court of being racially biased against him—Hills claims that this Court is "imposing the *Dred Scott* decision" against him by attempting to assist a white attorney "from being held accountable[.]" Dkt. No. 11 at 10 (emphasis added). The Court has not acted with racial bias in this matter. Thus, Hills fails to show good cause for recusal.

**1.3   Conclusion.**

Because the Court lacks subject matter jurisdiction, it DISMISSES Hills's complaint without prejudice.

The undersigned DECLINES to recuse voluntarily. Hills's motion to disqualify, Dkt. No. 11, is REFERRED to the United States District Chief Judge David Estudillo for decision.

Dated this 12th day of March, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 5