UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD JAMES HILL,<br><br>                    Plaintiff,<br>    v.<br><br>THOMAS L. DICKSON et al.,<br><br>                    Defendants. | CASE NO. 2:24-cv-02141-JNW<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 11) |

      This matter comes before the Court on Judge Jamal Whitehead's denial (Dkt. No. 13) of Plaintiff's motion for his recusal. (Dkt. No. 11.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Whitehead's decision not to recuse.

      Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

On January 14, 2025, Judge Whitehead issued an order directing Plaintiff to show cause within 30 days why this action should not be dismissed for lack of subject matter jurisdiction. (Dkt. No. 9.) Judge Whitehead found the Court did not have federal question jurisdiction because Plaintiff had not alleged a claim arising under federal law. (*Id.* at 1.) Judge Whitehead also found the Court did not have diversity jurisdiction because Plaintiff and the named Defendants are all citizens of Washington State. (*Id.* at 2.)

On February 14, 2025, Plaintiff responded to the order to show cause. (Dkt. No. 11.) Plaintiff asserted that he "d[id] not consent" to Judge Whitehead's statement regarding his citizenship and objected to Judge Whitehead asserting he was a Washington citizen. (Dkt. No. 11 at 3–4.) Plaintiff argued the Court does have diversity jurisdiction because he is from Louisiana. (*Id.* at 4–5.) Plaintiff further contends Judge Whitehead demonstrated a lack of impartiality by "deliberately and intentionally altering Plaintiff's U.S. Agency's name caption[.]" (*Id.* at 4.) Finally, Plaintiff appears to accuse Judge Whitehead of being racially biased against him. (*Id.* at 6–7.) Plaintiff requested that Judge Whitehead recuse himself. (*Id.* at 7.)

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 11) - 2

On March 12, 2025, Judge Whitehead issued an order declining to recuse himself and dismissing Plaintiff's case for lack of subject matter jurisdiction. (Dkt. No. 13.) Judge Whitehead informed Plaintiff that his birth in Louisiana did not make him a citizen of that state for purposes of diversity jurisdiction. (*Id.* at 2.); *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (A natural person's state citizenship is determined by her state of domicile, which is defined as "her permanent home, where she resides with the intention to remain or to which she intends to return.") Judge Whitehead noted, correctly, that the Court has an independent obligation to determine whether it has subject matter jurisdiction, and this cannot serve as a basis for his recusal. (*Id.* at 4.); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (Subject matter jurisdiction "can never be forfeited or waived" and federal courts have a continuing "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.")

With respect to Plaintiff's assertion regarding the case caption, the Court fails to see what implications this has for Judge Whitehead's impartiality. The Court also finds no evidence that Judge Whitehead has exhibited racial bias in this matter. Plaintiff has presented no arguments or evidence that could reasonably call Judge Whitehead's impartiality into question. Accordingly, the Court AFFIRMS Judge Whitehead's denial (Dkt. No. 13) of Plaintiff's motion for recusal (Dkt. No. 11).

Dated this 18th day of March, 2025.

David G. Estudillo
United States District Judge